UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARTHA STROTHER SMITH,** | ) | **CASE NO. 1:12CV2042** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **CAROLYN W. COLVIN,** | ) | |
| **Comm'r of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff Martha Smith applied for—but the Social Security Commissioner denied her—Social Security disability benefits. She thereafter filed this case seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's decision. (Doc. # 1).

The case was initially referred to Magistrate Judge Vernelis K. Armstrong, who prepared a report and recommendation; she recommends affirming the Commissioner. (Doc. # 16). Plaintiff then filed objections, triggering this Court's obligation to review the Magistrate Judge's findings and recommendations de novo. 28 U.S.C. § 636(b)(1).

**I. Background**

Plaintiff is a 55 year old woman whose last job was in 2006, when she worked as a cashier at Tops Market. She worked there for approximately 12 years. She previously was a fry cook for the Cleveland Heights School District.

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act on September 13, 2007.  Her claim was based on a number of ailments, including leg pain stemming from a broken ankle, hip pain, back spasms, sleep apnea, and seizures.  Plaintiff was denied benefits initially in November 2007, and again upon reconsideration in January 2008.  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"); the hearing took place on March 11, 2010.  Plaintiff was represented by counsel and testified on her own behalf.

The ALJ issued a decision on April 13, 2010.  She found that while Plaintiff did suffer from a number of impairments—right-hip fracture, right-ankle fracture, seizure disorder, and degenerative disc disease of the lumbar spine—Plaintiff's claims about the intensity of the impairments did not jibe with the objective medical information.  The ALJ further found that Plaintiff had the residual functional capacity to perform light work, but with some exceptions.  Based on this assessment and the testimony of a vocational expert, the ALJ concluded that, even though Plaintiff cannot perform her past work, there are enough jobs available in the area that she can perform—thus she is not disabled.

Plaintiff subsequently asked the Social Security Appeal Council to review the ALJ's decision.  The request was denied, thereby making the ALJ's decision the final decision of the Commissioner.  On August 7, 2012, Plaintiff filed the instant case seeking judicial review of her denial.

Now the Court must consider the objections Plaintiff made to Magistrate Judge Armstrong's report and recommendation.  (Doc. # 17).  In particular, Plaintiff objects to the Magistrate Judge's conclusions on three issues: (1) The ALJ failed to provide specific reasons, supported by evidence, for discrediting Plaintiff's testimony; (2) the ALJ failed to properly

apply the Medical-Vocational Guidelines, which are guidelines promulgated by the Social Security Administration to help ALJs make their disability decisions; and (3) the ALJ did not fulfill her duty to fully develop the record and to provide a fair hearing.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to deciding two things: Whether the ALJ applied the correct legal standards; and whether her decision was supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). Plaintiff alleges the ALJ failed in both respects.

## III. Analysis

### A. Plaintiff's Credibility

Plaintiff claims the ALJ failed to provide specific reasons, supported by evidence, for her conclusion about Plaintiff's credibility. Plaintiff relies on the standard, found in Social Security Ruling 96-7p. The standard says that when an ALJ discounts a claimant's credibility she must provide specific reasons for the finding, and those reasons must be supported by evidence in the record. *Cunningham v. Astrue*, 360 Fed. Appx. 606, 613 (6th Cir. 2010) (citing 1996 SSR LEXIS 4). These reasons must be specific enough to make clear the weight the ALJ gave to the claimant's testimony and the reasons why. *Id*. A strong indication of credibility is a claimant's consistency both internally (with her own testimony) and externally (with other evidence in the record). *Saddler v. Comm'r of Soc. Sec.*, 1999 U.S. App. LEXIS 3666 *8 (6th Cir. 1999) (citing 1996 SSR LEXIS 4).

Here, the ALJ listed several specific examples of inconsistencies within Plaintiff's own testimony, between Plaintiff's testimony and the objective medical evidence, and between Plaintiff's testimony and the reviewing physician's findings. For example, Plaintiff testified she can stand for only three or four minutes at a time and can walk only a few hundred feet. Yet she testified she requires no ambulatory aid—suggesting she can actually stand longer and walk farther. Also, progress notes from MetroHealth Medical Center indicated she could return to work six weeks after her ankle surgery, and the reviewing physician opined that she could walk about six hours in an eight-hour workday. (Doc. # 11. at 18-21).

Indeed, the ALJ explained her finding by discussing the medical evidence and Plaintiff's own testimony. Such a determination should be given much deference since the ALJ is "charged with the duty of observing a witness's demeanor and credibility"—something a reviewing court cannot do looking at the cold record. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Plaintiff argues that there is evidence in the record that supports her conclusions about her disability. But as long as substantial evidence supports the ALJ's finding, the decision may not be overturned even if substantial evidence supports the claimant's version. *Jones*, 336 F.3d at 477 (6th Cir. 2003).

### B. Application of the Medical-Vocational Guidelines

Plaintiff claims that the ALJ failed to properly apply Medical-Vocational Guidelines. Plaintiff's objection appears to be that the ALJ calculated an incorrect residual functional capacity ("RFC") by failing to consider the impact of Plaintiff's obesity, and that the ALJ relied on the wrong age when using the Guidelines.

**1. Impact of Obesity on Plantiff's RFC**

A claimant's RFC is the most activity she can do despite her limitations.  20 C.F.R. § 404.1545(a)(1).  Plaintiff contends that the ALJ did not properly consider the effect of her obesity in determining her RFC.  Plaintiff correctly states that, according to SSR 02-01p, obesity can have an impact on a claimant's other impairments.  However, an ALJ need only consider the claimant's obesity *in combination* with her other impairments.  *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. Appx. 435, 443 (6th Cir. 2010).

Here, the ALJ specifically referenced Plaintiff's obesity in her findings of fact.  (Doc. # 11 at 18).  Additionally, throughout her RFC discussion, the ALJ's analysis considered her disability by discussing the ways in which the symptoms of her obesity—if not the obesity itself—affect her mobility.  The ALJ noted, for example, that Plaintiff requires no ambulatory aid in order to walk and that she could begin bearing weight on her ankle six weeks after her surgery.  (*Id*. at 19-20).

The ALJ also relied heavily on the assessment of Dr. James Gahman, the state reviewing physician, who noted the impact of Plaintiff's excessive weight on her activities.  (Doc. # 11 at 278).  An ALJ need not make explicit mention of the obesity if she credits an expert's report that considers the obesity.  *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, (6th Cir. 2006).

To be sure, a more rigorous explanation of the impact of obesity may be required in calculating RFC when obesity is a severe impairment.  *Clemmons v. Astrue*, 2012 U.S. Dist. LEXIS 8650 *11.  But the ALJ found that Plaintiff's obesity was *not* a severe impairment, (Doc. # 11 at 18), and Plaintiff does not dispute the validity of this finding.  In short, the ALJ properly accounted for and assessed Plaintiff's obesity.

### 2. Plaintiff's Age

The Medical-Vocational Guidelines is a series of matrices (tables and columns). Each matrix includes three columns; each column has a variable: Age, education, and work experience. The ALJ is to properly identify each variable, based on the claimant's characteristics, and plug those variables into the appropriate matrix. The result is a recommendation that the claimant be classified as either "disabled" or "not-disabled." Both the ALJ and the Magistrate Judge, in applying the Guidelines, categorized Plaintiff as a "younger individual" (ages 18-49) because she was 48 at the onset date. This, however, was an error.

The Sixth Circuit has held that the correct time for determining when a claimant is disabled is the date of the ALJ's decision, not her onset date. *Crady v. Sec. of Health & Human Servs.*, 835 F.2d 617, 620 (6th Cir. 1987) (concluding that it is the ALJ's decision date that is "the relevant cut-off point for analysis of all factors on which the determination of disability *vel non* is based, including the claimant's age") Plaintiff, being 53 at the time of the hearing, would have properly been categorized as "closely approaching advanced age" (ages 50-54).

This error, however, is of no consequence, because whether "younger individual" or "closely approaching advanced age" is plugged into the Guidelines along with the other variables, the result is the same: Not-disabled. 20 C.F.R. § 404, Subpart P, App. 2.

Moreover, as Plaintiff acknowledges, when a claimant has exertional and non-exertional impairments, as Plaintiff does here, the Guidelines are only to be used as a framework—not binding, just an aid—for the ALJ's decision. (Doc. # 17 at 8). *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 424; 20 C.F.R. § 404, Subpart P, App. 2, 200.00(e)(2).

The ALJ's finding of not-disabled is also supported by the vocational expert, who, in response to an accurate hypothetical posed by the ALJ, testified that a person with Plaintiff's current characteristics had a number job options available. *See* Varley, 820 F.2d at 779 ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question" that accurately portrays the claimant's physical and mental impairments.). Thus, despite the mistake related to Plaintiff's age, the ALJ's finding is supported by substantial evidence.

### C. ALJ's Duty to Develop the Record

Plaintiff, relying on *Lashley v. Sec. of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983), claims that an ALJ has an affirmative obligation to assist the claimant in developing the facts of her claim. But this heightened duty is only present when a claimant (1) is without counsel, (2) is not capable of presenting an effective case, and (3) is unfamiliar with the hearing procedures. *Lashley*, 708 F.2d at 1051. *See also Trandafir v. Comm'r of Soc. Sec.*, 58 Fed. Appx. 113, 115 (6th Cir. 2003) (stating the *Lashley* holding more succinctly). Absent these special circumstances there is no heightened duty.

Since Plaintiff was represented by counsel, the ALJ was only required to meet the normal duty of developing the record. In *Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 189 (6th Cir. 2009), the record, which consisted of the claimant's medical history, claimant's testimony, vocational expert's testimony, and reports from treating physicians and state doctors, was considered fully developed. The ALJ in this case relied on the same types of evidence in making her determination that Plaintiff is not disabled. The ALJ thus satisfied her duty.

### III. Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections (Doc. # 17), adopts the report and recommendation (Doc. # 16), affirms the ALJ's decision, and dismisses the case.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 6/6/13*
**Dan Aaron Polster**
**United States District Judge**